IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**EUGENE SHANER PENNIEGRAFT,**

    Petitioner,

v.        **CIVIL ACTION NO. 5:22-CV-204**
        Judge Bailey

**WARDEN BROWN,**

    Respondent.

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On August 24, 2022, the *pro se* petitioner, Eugene Shafer Penniegraft ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Doc. 1].  On August 29, 2022, petitioner paid the $5 filing fee. [Doc. 7].  Petitioner is a federal inmate who is housed at FCI Hazelton in Bruceton Mills, West Virginia, and is challenging the legality of his sentence from the United States District Court for the Middle District of North Carolina.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.  For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

### II. FACTUAL AND PROCEDURAL HISTORY[1]

---

[1] The information in this section is taken from the petitioner's criminal docket available on PACER.  See ***United States v. Bates et al***, 1:08-CR-231-TDS-2 (N.D. N.C. 2009. ***Philips v. Pitt Cnty. Mem. Hosp.***, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); ***Colonial Penn. Ins. Co. v. Coil***, 887 F.2d

1

### A. Conviction and Sentence

On June 30, 2008, petitioner was charged with possession with intent to distribute cocaine base "crack" and aiding and abetting; possession of a firearm in furtherance of a drug trafficking crime; and possession of a firearm by a convicted felon. Following a jury trial, petitioner was found guilty on all counts. On September 23, 2009, petitioner was sentenced to a total term of 387 months. Petitioner's current **projected** release date, via good conduct time, is January 1, 2030.

### B. Direct Appeal

On October 16, 2009, petitioner filed a Notice of Appeal. He raised three grounds in his appeal: first, that there was insufficient evidence to support his convictions on each of the three grounds. Second, that the district court erred in submitting certain 404(b) evidence. Third, that the court erred in continuing to poll the jury after one juror indicated that the verdict was not unanimous. The Fourth Circuit found the grounds were without merit and affirmed the conviction on June 2, 2011.

### C. § 2255

On August 20, 2012, petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255. Petitioner raised claims of ineffective assistance of counsel, challenging his sentencing as a career offender, and challenging the application of Sentencing Guideline 2K2.1. On February 1, 2019, the Petition was denied.

---

1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

### D. Petitioner's Claims

In the instant petition, petitioner asserts a single ground for relief: that the sentencing court's application of the Career Offender enhancement was plain error in light of the recent Fourth Circuit case **U.S. v. Campbell**, 22 F.4th 438 (4th Cir. 2022). He contends that, following **Campbell**, his prior convictions no longer qualify as predicate offenses because the Sentencing Guideline's definition of a "controlled substance offense" does not include attempt crimes.

## III. LEGAL STANDARDS

### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See **Weller v. Dep't of Social**

***Servs.***, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### IV. ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. ***Rice v. Rivera***, 617 F.3d 802, 807 (4th Cir. 2000); ***In re Vial***. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law" has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration

of a sentence." **Anderson v. Pettiford**, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. **In re Vial**, 115 F.3d at 1194, n.5; **In re Jones**, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. **Id**.

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[2] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his **conviction** or the legality of his **sentence**. *See* **United States v. Wheeler**, 886 F.3d 415, 428 (4th Cir. 2018); **In re Jones**, 226 F.3d 328, 333–34 (4th Cir. 2000). Where a petitioner is challenging the legality of his **conviction**, § 2255 is deemed to be "inadequate or ineffective" only when all **three** of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

---

[2] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

>  (3) the prisoner cannot satisfy the gate-keeping provisions of
>  section 2255 because the new rule is not one of constitutional
>  law.

*In re Jones*, 226 F.3d at 333–34.  The Fourth Circuit has found that the savings clause may apply to certain sentencing challenges.  It explained:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).  Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet either the *Jones* test (if challenging the legality of his conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  *See Wheeler*, 886 F.3d at 423–26.

The undersigned notes that, despite filing this petition on a form titled "Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241," petitioner asserts in his memorandum in support of the petition that he brings the instant petition under § 2255 and that he moves this Court to set aside his current judgment pursuant to Federal Rule of Civil Procedure 60(b).  The Court notes that, to the extent petitioner intends to bring a second or successive § 2255 petition or a motion for relief from a judgment under Rule 60(b), the appropriate court to do so would be his sentencing court.  However, construing the *pro se* petition liberally, the undersigned finds it appropriate to consider this petition as one attempting to meet the savings clause of § 2255(e).  As he is challenging his sentence,

eh must meet all four prongs of *Wheeler* in order for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if petitioner meets the first, second, and third prongs of *Wheeler*, he is unable to meet the fourth prong, which requires a showing that due to a retroactive change in the law, petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. See *Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018). In *Lester*, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-*Booker* when the sentencing Guidelines were mandatory. *Id*. at 714.

However, the *Lester* Court explicitly noted that had Lester's career offender misclassification occurred under the post-*Booker*, advisory Guidelines, his petition would have been barred as failing to meet the fourth *Wheeler* prong. *Id*. at 715 ("*Foote* undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-*Booker*, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." *Id*. When a petitioner is sentenced under the post-*Booker*, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." *Id*. In conclusion, the *Lester* Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." *Id*. at 716. Because the petitioner was sentenced under the post-*Booker*, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear

7

that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because petitioner cannot satisfy the savings clause of § 2255(e) under **Wheeler**, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." **Steel Co. v. Citizens for a Better Env't**, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); **Reinbold v. Evers**, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**. Further, as petitioner has paid the $5 filing fee, the undersigned recommends that the Motion for Leave to Proceed *in forma pauperis* be **DENIED AS MOOT**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); **Thomas v. Arn**, 474 U.S. 140 (1985);

*Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  September 21, 2022.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE